IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY J. FAILS,
    Plaintiff,

vs.                                                              Case No.: 3:10cv401/WS/EMT

G.R. BYRD,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Anthony Fails, a Florida inmate proceeding pro se, brought this civil rights action in October of 2010, alleging that the defendant correctional officer violated Fails' constitutional rights by issuing a false disciplinary report against him (*see* ECF No. 1). On November 17, 2010, the court dismissed the case, pursuant to Fails' notice of voluntary dismissal (*see* ECF Nos. 4, 5, 6). Currently before the court is Fails' "Motion to Reopen, Rule 60(b)4" (ECF No. 9). As grounds to reopen, Fails asserts that the court improperly dismissed seven of his prior cases (filed in 2008 and 2009) with prejudice instead of without prejudice, which resulted in the assessment of a "strike" for each of those cases, under 28 U.S.C. § 1915(g) (*see id.*).

The instant case was referred to the undersigned for the issuance of any recommendations to the district court regarding civil rights cases filed by prisoners. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ.

P. 72(b); <u>Campbell v. Sec'y for Dep't of Corr.</u>, 370 F. App'x 5, 8 (11th Cir. 2010) (unpublished but recognized as persuasive authority) (absent consent of the parties, magistrate judge exceeded authority in issuing final order on petitioner's Rule 60 motion and was authorized only to make report and recommendation to district court). After careful consideration of the Fails' arguments, it is the opinion of the undersigned that his Rule 60(b) motion should be denied.

Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances, including fraud, mistake, newly discovered evidence, and as alleged in this case, a void judgment. *See* Fed. R. Civ. P. Rule 60(b). Generally, "a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." <u>Burke v. Smith</u>, 252 F.3d 1260, 1263 (11th Cir. 2001). A judgment is not void "simply because it is or may have been erroneous." <u>United Student Aid Funds, Inc. v. Espinosa</u>, 559 U.S. 260, 270 (2010) (quotation marks omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. In addition, a Rule 60(b)(4) motion must be filed within a "reasonable

time." *See* Fed. R. Civ. P. 60(c).  A determination of what constitutes a reasonable time depends on the circumstances in an individual case, and in making the determination, courts should consider "whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner."  BUC Int'l Corp. v. Int'l Yacht Council Ltd., 517 F.3d 1271, 1275–76 (11th Cir. 2008) (quotation omitted).

Here, Fails filed his Rule 60(b)(4) motion over seven years after his case was dismissed.  Fails has not presented any good reason for filing this motion at this time.  As such, since Fails failed to file the Rule 60(b) motion within a reasonable time, the court should deny his motion.

Even if it were timely, Fails' Rule 60(b)(4) motion is without merit.  As previously noted, the court dismissed this case pursuant to Fails' own request.  Fails does not allege any grounds for concluding that legal error occurred.  As such, since he has not met his burden of establishing a violation of due process rendering the previous judgment void, Fails is not entitled to the reopening of his case.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's "Motion to Reopen, Rule 60(b)4" (ECF No. 9) be **DENIED**.

At Pensacola, Florida, this 21st day of May 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:10cv401/WS/EMT